UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
            Plaintiff,       )    Civil Action No. 06-11121-DPW
                             )
v.                           )
                             )
ARROW ELECTRONICS, INC.,     )
                             )
            Defendant.       )
_____)

CONSENT DECREE

This action was filed on June 27, 2006, by the Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Arrow Electronics, Inc. (hereinafter "Arrow") violated Title VII of the Civil Rights Act of 1964, as amended, by engaging in the unlawful employment practice of national origin discrimination in violation of Title VII. The EEOC charged Arrow with terminating Charging Party, Tha Thi Kim's temporary assignment and withdrawing its offer of permanent employment as assembler because of her national origin (Cambodian).

The EEOC and Arrow desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between Arrow and the EEOC, who are the signatories hereto, and their successors or assigns. This Decree resolves all matters related to Civil Action No. 06-11121 (DPW), filed in the United States District Court for the District of Massachusetts. Arrow and the EEOC (hereinafter "the parties") have agreed that this Decree

may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree resolves all issues raised in EEOC Charge No.: 161-2005-00058 and all issues raised in the EEOC's Complaint in this case.

2. This Decree and the settlement it represents are entered into solely for the purpose of allowing the parties to avoid further expenses of litigation. This Agreement does not constitute an admission by Arrow of any violation of any federal, state or local law, regulation, or local requirement, contractual obligation or of any duty whatsoever, whether based in statute, regulation, common law, or otherwise, and Arrow expressly denies that any liability or any such violation has occurred as to Charging Party Tha Thi Kim or any other person, entity or authority.

3. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms. The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Arrow and to commence civil actions on any such charges not referenced in paragraph 1, above.

4. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint.

Nothing contained in this Decree shall be construed as an admission of liability on the part of Arrow.

5. Arrow and its managers, and officers will not engage in national origin discrimination against any individual or retaliate in any way against any individual because the individual opposes discriminatory employment practices and/or otherwise asserts his or her rights under Title VII. Arrow further will not retaliate against any individual who has participated in this matter in some way, given testimony in this matter or asserted her or his rights under Title VII, including, but not limited to, Charging Party, Tha Thi Kim.

Arrow also agrees that should it resume cable assembly operations in Massachusetts, it will not implement an English proficiency requirement on any position without first commissioning and completing a testing instrument which shall not exceed the level of language required for the job in question and must meet American Educational Research Association (1999) standards, and shall be validated by linguistic and job analysis. Further, Arrow agrees that should it choose to test for English proficiency for cable assembly operations in Massachusetts, it shall also comply with 29 C.F.R. §1607 (EEOC Uniform Guidelines on Employee Selection Procedures) and all of the record keeping requirements therein.

A. **MONETARY RELIEF**

6. Arrow shall pay Charging Party Tha Thi Kim at total of $30,000. This payment shall consist of $7,000.00 in back pay and lost benefits, less applicable withholdings required by state and federal law, and $22,000.00 in compensatory damages. Arrow shall also pay Charging Party $1,000 for attorney's fees in conjunction with her receiving legal advice regarding a related release, to which the EEOC is not a party, which shall be provided to Arrow within 7 days of

entry of this Decree. Arrow shall pay Charging Party within 10 days of receipt of the signed release. With respect to the payment of back pay, Arrow will provide a W-2 for these payments and be responsible for deducting all applicable withholdings. As to payment for compensatory damages, Arrow is not required to withhold taxes or make any employer contributions for FICA, except that it must issue a 1099 for these payments.

7. Payments shall be made by delivering to Tha Thi Kim, by United States Postal Service, certified mail receipt, a check in the complete amount of compensatory damages set forth above with the required 1099. A second check for the back pay set forth above, subject to all applicable withholdings (federal, state, and/or local withholding and/or payroll taxes) shall be delivered to Tha Thi Kim, by United States Postal Service, certified mail receipt. A W-2 form will also be sent to Tha Thi Kim when Arrow generates W-2 for the relevant fiscal year.

8. Arrow shall send copies of the checks, the 1099 and W-2 forms, and return receipts to R. Liliana Palacios-Baldwin, EEOC, Boston Area Office, JFK Federal Building, Room 475, Boston, MA 02203-0506, simultaneously with Arrow's delivery to the Charging Party.

B. **NOTICE AND POSTING**

9. No later than 30 days after the Court's entry of this decree, Arrow shall post in a conspicuous place in its Corporate Facilities in Melville, New York, a copy of the remedial notice, printed on its letterhead and signed by its Chief Executive Officer, attached hereto as **Exhibit A**.

C. **WRITTEN POLICIES**

10. *EEO/Harassment Policy*: As part of this decree, Arrow has agreed to revise several sentences in its policy entitled. "Professionalism, Unlawful Harassment and Discrimination" as set forth in its Employee Handbook. The EEOC has reviewed and approved this revised policy for substantial compliance under federal equal employment opportunity law with the revisions noted below. Arrow's newly revised policy shall include the following:

a. In the handbook section entitled: "Reporting an incident of Harassment, Discrimination or Retaliation," Arrow agrees to delete the phrase, "while there is no rule regarding the timing for filing a complaint"; and

b. In the same section as in 10(a) above, Arrow agrees to delete the following sentence: "All incidents of discrimination, harassment or retaliation, should be reported regardless of the offender's identity or position" and replace it with "Arrow strongly encourages its employees to report any harassment to appropriate company officials."

Within thirty (30) days of the entry of this Decree, Arrow agrees to post the revised policy on the company intranet through which will cause it to be available to all its employees nationwide.

E. **TRAINING**

11. For the duration of this Decree, Arrow agrees to continue to train the Human Resources personnel who support Logistics Operations through its outside counsel that specializes in employment law. Such training shall take place on an annual basis and relate to compliance with, at minimum, federal equal employment opportunity and Affirmative Action requirements, workplace investigations, and using case study analyses. For the duration of this

Decree, Arrow further agrees to provide its annual training sessions conducted by its Chief Compliance Officer or his designee of at minimum, 2 hours, for general managers and directors in the Logistics Operations Group with a focus on harassment, discrimination and the meaning of professionalism from a leadership perspective.

12. During both of the above training sessions for the duration of this Decree, Arrow shall include a training module on its policies and procedures pursuant to its revised policy referenced in paragraph 10, above.

13. Arrow shall conduct training for its Human Resources personnel who support the company's Logistics Operations and its general managers and directors in the Logistics Operations Group, annually. Training consistent with this Decree must be completed within one year from the date of the Court's entry of this Decree and yearly thereafter.

14. Arrow shall provide to the EEOC a certification of completion of training within thirty (30) days of the completion of the training, yearly for the period of this Decree.

F. **MONITORING**

15. The EEOC has the right to monitor and review compliance with this Consent Decree. Accordingly, Arrow will cooperate with the EEOC in any monitoring functions it seeks to perform related to this agreement. Specifically, no later than 1 year after the Court's entry of this Decree, Arrow shall submit written proof via affidavit to the EEOC that it has complied with the above requirements set forth in paragraphs 6-14 above. Such proof shall include, but not be limited to, a sign-in sheet or certificate or other proof of training completion, and an affidavit stating that the posting was posted in its corporate Headquarters by the required date.

16.     Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Arrow fails to perform the promises and representations contained herein.

17.     This Decree will remain in effect 2 years from date of entry.

SO ORDERED, ADJUDGED AND DECREED.

Signed this ____ day of _____, 2006

_____
Douglas P. Woodlock
U.S. DISTRICT COURT JUDGE

APPROVED IN FORM AND CONTENT:

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        */s/ Elizabeth Grossman*
        ELIZABETH GROSSMAN
        Regional Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        New York District Office
        33 Whitehall St.
        New York, New York 10004-2112
        (212) 336-3696
        Elizabeth.Grossman@eeoc.gov

        */s/ R. Liliana Palacios-Baldwin*
        R. LILIANA PALACIOS-BALDWIN
        Senior Trial Attorney (MA 640786)
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Boston Area Office
        JFK Federal Building, Room 475
        Boston, MA 02203-0506
        (617) 565-3188
        Rosa.Baldwin@eeoc.gov

        ARROW ELECTRONICS, INC.

        */s/ Martin Aron*
        MARTIN ARON, ESQ.
        EDWARDS ANGELL PALMER AND DODGE LLP
        51 John F. Kennedy Parkway
        Short Hills, NJ 07078
        (973) 376-7700
        maron@eapdlaw.com

## Exhibit A

## NOTICE

1. This notice to the employees of ARROW ELECTRONICS, INC. is being posted and provided as part of a consent decree between ARROW ELECTRONICS, INC., as Defendant and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, as Plaintiff.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, religion, age or disability with respect to hiring, compensation, promotion, discharge, or other terms, conditions and privileges of employment. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

3. Consistent with federal law, the employment policy of Arrow Electronics, Inc. is to provide equal opportunity to all persons. Arrow has made a commitment to equal employment opportunity through a positive and continuing Affirmative Action Program and through the implementation of policies and procedures addressing equal employment opportunity in the workplace.

4. Arrow Electronics, Inc., will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

5. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000. Arrow's Global Compliance Department is responsible for compliance with state and Federal employment opportunity laws, equal employment practices and monitoring and internal reporting. Employees believing they have not been treated in accord with this policy are encouraged to contact Arrow's Chief Compliance Officer at (631) 847-5445.

6. This NOTICE will remain posted until ____ **[2 YEARS FROM DATE OF SIGNATURE]**

SIGNED this ___ day of _____, 2006.

_____
CHIEF EXECUTIVE OFFICER